Eugene TURNER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1982.

Discretionary Review Denied
April 13, 1983.

Jack Emory Farley, Public Advocate, R. Neal Walker, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., David Smith, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, McDONALD and VANCE, JJ.

VANCE, Judge.

This is an appeal from a judgment of the Fayette Circuit Court overruling appellant's RCr 11.42 motion. At issue is whether appellant's guilty plea was involuntary because he was not informed he would be ineligible for parole for ten years. Appellant was convicted upon a guilty plea of criminal possession of a forged instrument and being a first-degree persistent felony offender. He was sentenced to ten years. He originally filed a pro se RCr 11.42 motion which was overruled without an evidentiary hearing. The case was remanded by this court on appeal for appointment of counsel.

Counsel then filed an amended motion alleging appellant's guilty plea was involuntary because he was not informed he would be ineligible for parole for ten years. The motion was overruled and appellant filed this appeal. The transcript of appellant's guilty plea does not indicate he was informed of parole ineligibility. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), sets forth the constitutional mandates involving a guilty plea. The plea must be voluntary, reliable and intelligently made.

The record indicates that the appellant was fully and thoroughly informed of the rights specified in *Boykin. Boykin* does not mandate that a defendant must be informed of a "right" to parole. This is especially true since, unlike the rights specified in *Boykin,* parole is not a constitutional right. *U.S. v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). *Boykin* does require a knowing, voluntary and intelligent waiver of all important constitutional rights. However, a knowing, voluntary and intelligent waiver does not necessarily include a requirement that the de-

fendant be informed of every possible consequence and aspect of the guilty plea. A guilty plea that is brought about by a person's own free will is not less valid because he did not know all possible consequences of the plea and all possible alternative courses of action. To require such would lead to the absurd result that a person pleading guilty would need a course in criminal law and penology.

For example, a defendant could allege if he had known he could have received a change of venue or had the right to call his mother as a character witness, he would not have plead guilty. Likewise, he could assert if he knew prison food would be bad or his cell would be small, he wouldn't have made such a plea. The record indicates the *Boykin* requirements are met. There is, however, a line of cases supporting appellant's argument.

The parties cite no Kentucky case law in point on this matter. Appellant places his reliance on a line of federal cases which vacated convictions in situations where the defendant was not informed, when his plea was made, that he would be ineligible for parole. All cited cases except one are from federal courts which hold that failure to inform of parole consequences is a violation of Rule 11 of the Federal Rules of Criminal Procedure. They do not hold that such failure violates constitutional due process.

In *U.S. v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the defendant alleged a violation of F.R.Cr.P. 11 when a guilty plea was accepted because the court failed to describe a mandatory special parole term.

The court assumed a violation of Rule 11 had occurred but upheld the denial of the motion stating:

> The reasoning in Hill is equally applicable to a formal violation of Rule 11. Such a violation is neither constitutional nor jurisdictional: the 1966 amendment to Rule 11 obviously could not amend the Constitution or limit the jurisdiction of the federal courts. Nor can any claim reasonably be made that the error here resulted in a "complete miscarriage of justice" or

in a proceeding "inconsistent with the rudimentary demands of fair procedure." Respondent does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of the rule. That claim could have been raised on direct appeal, see *McCarthy v. United States,* 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166, but was not. And there is no basis here for allowing collateral attack "to do service for an appeal". *Sunal v. Large,* 322 U.S. 174, 178, 91 L.Ed. 1982, 67 S.Ct. 1588 [1590]. *Id.,* 441 U.S. at 783–784, 99 S.Ct. at 2087–2088.

The court also quoted *Hill v. U.S.,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, stating:

> The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure.

Appellant attempts to distinguish *Timmreck,* arguing that in *Timmreck* a mere technical violation of the rule was alleged. But *Timmreck* makes it clear that there is no constitutional violation in this case. *Boykin* requires a defendant to be informed of certain constitutional rights. *Boykin* emphasizes these requirements are mandatory and waiver will not be presumed from a silent record.

However, *Timmreck* was not informed he had a mandatory term to serve before he became eligible for parole. If this right had been of a constitutional magnitude under *Boykin,* such as the right to counsel or to a trial, *Boykin* would have mandated reversal of Timmreck's case. While acknowledging a violation of Rule 11 occurred in *Timmreck* the court made it clear the violation was not constitutional and *no*

"complete miscarriage of justice" had taken place.

The Supreme Court noted:

Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas. Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea. *United States v. Smith*, [7 Cir.1971], 440 F.2d 521 (Stevens, J., dissenting). *Timmreck, supra,* 441 U.S. at 785, 99 S.Ct. at 2088.

We do not feel that the failure of a trial court to inform a defendant before accepting a guilty plea of mandatory service of sentence before eligibility for parole is a violation of constitutional due process or that such failure is a ground to vacate judgment under RCr 11.42.

The judgment is affirmed.

All concur.