James P. CENTERS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 89–CA–1625–MR.

Court of Appeals of Kentucky.

Aug. 10, 1990.

Discretionary Review Denied by Supreme Court Dec. 19, 1990.

Maury D. Kommor, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, LESTER and WILHOIT, JJ.

HOWARD, Judge.

Appellant appeals from denial of his motion for relief pursuant to RCr 11.42 in Campbell Circuit Court.

The appellant was indicted by the Campbell County Grand Jury on July 31, 1986, and charged with burglary in the second degree and with being a persistent felony offender in the first degree. Appellant allegedly burglarized a home and was found in a bedroom of the home with various items in his possession.

The prosecution and the defendant entered into discussions regarding a possible plea bargain whereby the appellant would plead guilty to second-degree burglary and being a first-degree persistent felon. The Commonwealth would then recommend the minimum sentence of ten years on these charges. Appellant hesitated on entering into this agreement, however on September 22, 1986, the day of the scheduled trial, appellant entered his guilty plea.

On that date, the record shows that appellant spent considerable time conferring with his attorney and the trial court before entering his guilty plea. The trial court questioned the appellant at length concerning his rights before accepting his guilty plea. Appellant entered into a waiver of further proceedings upon arraignment with petition to enter a plea of guilty. A judgment on the guilty plea was entered on that date.

On October 14, 1986, the appellant was formally sentenced by the trial court to five years on the burglary charge which was enhanced to ten years on the persistent felon charge. By terms of statute, KRS 533.060(2), the trial court ran the ten-year-sentence consecutively to judgments that the appellant had earlier incurred.

On September 18, 1987, the appellant filed a motion pursuant to CR 60.02 and 60.03 requesting the trial court to run the judgment in the instant case concurrent with all prior judgments incurred by appellant. On October 22, 1987, the trial court denied this motion. On March 14, 1989, this Court affirmed the trial court's ruling denying the appellant's CR 60.02 and 60.03 motions.

On May 10, 1988, the appellant filed his motion with the trial court to vacate, set aside, or correct his judgment pursuant to RCr 11.42. The appellant contended in this motion that his guilty plea was not intelligently and voluntarily entered, because he alleged that he was led to believe by his counsel that his underlying judgment would run concurrently with all of his previous judgments. He claims that he never knew that his sentences would be run consecutively. He also contended that his counsel deprived him of effective assistance of counsel. After a hearing on the matter, the Campbell Circuit Court overruled appellant's motion on July 21, 1989. This appeal has followed.

Appellant requests this Court to reverse the trial court's ruling because he contends that he was entitled to relief pursuant to RCr 11.42 since his guilty plea was not entered upon a knowing, intelligent, and

voluntary waiver of rights guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Section 11 of the Kentucky Constitution. He specifically contends that since he did not know that the ten-year-sentence would be run consecutively with his prior judgments, his plea was not intelligent and voluntary. We disagree.

In determining the validity of guilty pleas in criminal cases, the plea must represent a voluntary and intelligent choice among the alternative course of action open to the defendant. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Sparks v. Commonwealth,* Ky.App., 721 S.W.2d 726 (1986). The United States Supreme Court has held that both federal and state courts must satisfy themselves that guilty pleas are voluntarily and intelligently made by competent defendants. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Since pleading guilty involves the waiver of several constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers, a waiver of these rights cannot be presumed from a silent record. The court must question the accused to determine that he has a full understanding of what the plea connotes and of its consequences, and this determination should become part of the record. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); *Sparks, supra.*

The validity of a guilty plea must be determined not from specific key words uttered at the time the plea was taken, but from considering the totality of circumstances surrounding the plea. *Kotas v. Commonwealth,* Ky., 565 S.W.2d 445, 447 (1978); *Lynch v. Commonwealth,* Ky.App., 610 S.W.2d 902 (1980); *Sparks, supra.* These circumstances include the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made. *Sparks, supra, Littlefield v. Commonwealth,* Ky.App., 554 S.W.2d 872 (1977). The trial court is in the best position to determine if there was any

reluctance, misunderstanding, involuntariness, or incompetence to plead guilty. *Littlefield, supra,* at 874. *See Kotas, supra,* at 447. Solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

In the instant case, the record clearly shows that the *Boykin* requirements have been met. The trial court conducted a lengthy discussion with appellant to determine that appellant was intelligently, knowingly, and voluntarily entering his guilty plea. The court first ascertained that appellant was not suffering from mental disease and was not under the influence of alcohol or drugs at the time of entering his plea. The appellant also told the judge that he had a sufficient amount of time to privately confer with his attorney about changing his plea, and that he had no further questions to ask his attorney. The appellant further told the court that he had read the waiver and guilty plea form, and understood it and, accordingly, signed his rights.

He further answered the judge that he understood the facts of the crime for which he was indicted, and that he engaged in those acts, and desired to plead guilty. The trial court also asked the appellant if he understood that he was waiving his right to a jury trial, the right not to incriminate himself in any way, and the right to cross examine any witnesses that the Commonwealth might produce against him. The appellant answered affirmatively. Additionally, the appellant answered that he understood that there would be no appeal to a higher court from the guilty plea. He also told the court that he understood that he could receive a total twenty-year sentence for pleading guilty to the crimes. Appellant further told the court that he was entering the plea willingly, freely, voluntarily, and without threats, force, or pressure put on him by anyone. Finally, the appellant's trial counsel told the trial court that he had adequate time to explain the constitutional rights to appellant, and that he felt the appellant was entering the

guilty plea voluntarily, intelligently, and with full understanding.

By reviewing this dialogue between the appellant and the trial court, it is clear that the *Boykin* requirements have been met. The record is adequately preserved.

■ The appellant contends that because he was not specifically told that the ten-year recommended sentence would have to be run consecutively with other judgments already entered against him, his plea was not voluntarily and intelligently entered and did not meet the *Boykin* requirements. This Court entertained a similar argument in *Turner v. Commonwealth,* Ky.App., 647 S.W.2d 500 (1982). In that case, the appellant argued that the guilty plea was involuntarily entered because he was not informed that he would be ineligible for parole for ten years. This Court specifically held that the failure of a trial court to inform a defendant before accepting a guilty plea of mandatory service of sentence before eligibility for parole was not a violation of constitutional due process or that such failure was a ground to vacate a judgment under RCr 11.42. *Turner, supra,* at 502. "... A knowing, voluntary, and intelligent waiver does not necessarily include a requirement that the defendant be informed of every possible consequence and aspect of the guilty plea." *Turner, supra,* at 500–501.

We feel that this ruling is applicable to the instant case. The appellant was informed of all of the *Boykin* requirements. He was not entitled under *Boykin* to be told of every possible consequence. The appellant was not misled in this case. The trial court and the Commonwealth both told the appellant that they could make no guarantees about the parole board's actions or the amount of time that the appellant would have to serve. Reviewing the record and all of the surrounding circumstances of the instant case, we find that appellant's guilty plea was knowingly, intelligently, and voluntarily made.

Appellant in this case also argues that he was deprived of effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. We cannot agree with this argument.

■ It should first be noted that the effect of entering a voluntary guilty plea is to waive all defenses other than that the indictment charges no offense. *Quarles v. Commonwealth,* Ky., 456 S.W.2d 693 (1970); *Hendrickson v. Commonwealth,* Ky., 450 S.W.2d 234 (1970). A guilty plea constitutes a break in the chain of events, and the defendant therefore may not raise independent claims related to the deprivation of constitutional rights occurring before entry of the guilty plea. *White v. Sowders,* 644 F.2d 1177 (6th Cir.1980). We will briefly address appellant's ineffective assistance claim however.

A defendant is entitled to effective representation by counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 11 of the Kentucky Constitution. *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973); *Hopewell v. Commonwealth,* Ky.App., 687 S.W.2d 153 (1985).

■ The appellant must meet a two-part test in order to prove ineffective assistance of counsel. He must show (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance as the counsel was not performing as counsel guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense by so seriously affecting the process that there is a reasonable probability that the defendant would not have pled guilty, and the outcome would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sparks, supra,* at 727–728. *See also Meeks v. Bergen,* 749 F.2d 322 (6th Cir.1984). In determining whether the degree of skill exercised by the attorney meets the proper standard of care, the attorney's performance is judged by the degree of its departure from the quality of conduct customarily provided by the legal profession. *Beasley v. United States,* 491 F.2d 687 (6th Cir.1974);

*Henderson v. Commonwealth*, Ky., 636 S.W.2d 648 (1982).

■ The appellant has failed to meet the above tests in the instant case. Appellant contends that the central point of his counsel's ineffectiveness was counsel's failure to properly investigate and pursue possible defenses at the pretrial stage. Appellant has not specifically shown anything that his counsel failed to investigate or discover, nor can he show how any such failure prejudiced his case. The Campbell Commonwealth Attorney's office in fact maintained a policy of open discovery whereby defense counsel could obtain necessary documents or information to adequately prepare his case. The Commonwealth attorney in this case in fact stated that defense counsel took advantage of this policy.

Appellant also maintains that he received ineffective assistance of counsel because his counsel failed to advise him of the consecutive sentencing he would receive. Appellant has failed to show that his counsel actually gave him incorrect information regarding this matter. Appellant knew that by pleading guilty he could receive a twenty-year sentence. The court however accepted the Commonwealth's recommendation, and sentenced appellant to ten years, the lightest sentence possible under the circumstances. Appellant has simply failed to show that he received ineffective assistance of counsel.

The judgment of the Campbell Circuit Court is affirmed.

All concur.