**Edward GEARY, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

**No. 2000–SC–0874–MR.**

Supreme Court of Kentucky.

Dec. 20, 2001.

*OPINION AND ORDER*

In April 2000, Appellant, Edward Geary, was convicted by a Hopkins County jury of manufacturing methamphetamine and possession of drug paraphernalia, second offense. Prior to the penalty phase, Appellant waived his right to jury sentencing and sought sentencing by the circuit court. The Commonwealth objected. Ultimately, the parties agreed that the Commonwealth would waive its right to appeal the denial of jury sentencing and Appellant would waive his right to appeal any errors which may have occurred during the guilt phase of trial. Thereafter, on June 5, 2000, the trial court, having determined that Appellant was a first-degree persistent felony offender, sentenced him to fifteen years imprisonment on the manufacturing methamphetamine charge, enhanced to twenty years by virtue of the PFO, and to one year on the possession of drug paraphernalia charge, to run consecutively for a total of twenty-one years imprisonment.

On September 27, 2000, Appellant filed a *pro se* motion for a belated appeal in this Court alleging that his attorney at trial, without his knowledge or permission, waived his right to appeal. Appellant claimed that he did not intend to waive his right to appeal and specifically advised his attorney that he did not wish to do so. The Commonwealth responded that it had no information regarding Appellant's motion, and that this Court should take any proper action. On November 15, 2000, we granted Appellant's motion for a belated appeal and appointed DPA as counsel.

Briefs were filed by Appellant and the Commonwealth in March 2000, and September 2000, respectively. However, on June 14, 2001, the Commonwealth moved to dismiss Appellant's appeal, claiming that Appellant lied to the Court concerning his knowledge of the waiver. The Commonwealth contends that at the time it

filed the response to Appellant's original motion, it lacked access to the trial record. A review of the record, however, reveals that Appellant personally waived his right to appeal. In response to the motion to dismiss, Appellant argues that the Commonwealth's current motion is untimely and that this Court, in fact, properly granted the appeal notwithstanding any fraud committed on the trial court.

The colloquy between the trial court and Appellant at the time he waived his right to jury sentencing clearly indicates that he understood he was also waiving his right to an appeal in exchange for the Commonwealth not appealing the sentencing issue.

Defense Counsel: Your Honor, Mr. Geary and I have discussed this and we went into the jail and at some length discussed this and he ... I believe he understands that that is in his legal best interest to do it and I believe he has agreed to do that. Is that right?

Defendant: Yes sir.

Judge: Do you understand that Mr. Geary?

Defendant: Yes sir.

Judge: You're wanting the Court to fix the punishment and give up your right to have the jury do that and in addition give up the right to appeal any potential errors in the trial of the guilt phase of this case.

Defendant: Yes sir.

Judge: Have you had time to talk to Mr. Virgin about that?

Defendant: Yes sir.

Judge: Do you have any questions?

Defendant: No sir.

Judge: Are you completely satisfied with the handling of the case?

Defendant: Are you fixing my sentence?

Judge: Yes sir.

Defendant: Yes sir.

At the June 5, 2000, final sentencing hearing, the trial court stated, in part:

And the court believes the defendant has waived any right to appeal, but will note that ... what the appeals law would be if this were simply a matter of being convicted by the jury and having the jury decide, although he waived the second part of the bifurcated proceeding, but without that waiver he would have had the right to appeal the conviction by filing a notice of appeal within thirty (30) days of this date and if financially unable to do so, an attorney would be appointed to proceed at public expense. So I note that ... the court is required to instruct the defendant of that, were there no waiver ....

On the last page of the final judgment and sentence, the language has been awkwardly altered (presumably with a typewriter) to read: "Although the defendant previously waived his right to appeal, the Court after imposing sentence informed the defendant that he/she has a right to appeal with the assistance of an attorney...." Appellant argued in his initial motion for a belated appeal that the above-language indicated the trial court's intent to change its decision and reinstate his right to an appeal.

There is sufficient evidence that Appellant knowingly and voluntarily waived his right to an appeal in exchange for sentencing by the court instead of the jury. *Trowel v. Commonwealth*, Ky., 473 S.W.2d 134 (1971). Current defense counsel's claims of Appellant's schizophrenia and mediocre IQ are unpersuasive. Moreover, Appellant unquestionably committed fraud upon this Court in denying any knowledge of or participation in such waiver.

Accordingly, the Commonwealth's motion to dismiss Appellant's appeal in this case is hereby granted.

All concur.

ENTERED: December 20, 2001.

/s/ Joseph E. Lambert

Chief Justice