OPINION OF THE COURT BY JUSTICE CUNNINGHAM
On March 20, 2014, Appellee, Samuel Patton (Appellee), was convicted by an Edmonson County jury of first-degree rape and third-degree unlawful transaction with a minor (UTM). After the jury's foreperson read the guilty verdict, the trial court advised Patton that his bond was revoked, that he could not leave the courtroom, that he had the right to appeal the jury's verdict, and that counsel would be appointed to represent him on appeal if he could not afford an attorney. The trial court made these Statements at approximately 12:33 p.m. on the March 21, 2014, video record.
After advising Appellee of his rights, the trial judge held a bench conference with Appellee, defense counsel, and the Assistant Commonwealth's Attorney. The trial court reminded the parties that Appellee's crimes were subject to the 85 percent requirement of the violent offender statute. In an apparent recognition of the gravity of the heavy sentence the Appellee was now facing, the trial judge recommended that Appellee and the Commonwealth discuss a possible resolution. The jury was sent to the jury room while Appellee and the Commonwealth negotiated.
Soon thereafter, Appellee entered a guilty plea in exchange for a seventeen-year prison sentence. In addition to engaging in a traditional plea colloquy, Appellee accepted and signed a Motion to Enter Guilty Plea (form AOC-491). See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). His plea agreement included a waiver of his right to appeal his Conviction. Two months later, Appellee retained new counsel and filed a "Motion to Withdraw Waiver of Right to Appeal." The trial court denied his request and sentenced him in accordance with his plea agreement.
*653 In a divided decision, the Court of Appeals reversed his sentence having determined that his guilty plea did not satisfy Boykin. The court also held that it was reversible error to admit certain bolstering testimony during the guilt phase of trial. Accordingly, the Court of Appeals reversed Appellee's conviction and remanded for a new trial. We granted discretionary review. For the forgoing reasons, we reverse the decision of the Court of Appeals and reinstate Appellee's conviction and sentencing.
Analysis
When determining whether a guilty plea was entered knowingly, voluntarily, and intelligently, trial courts must consider the totality of the circumstances. Edmonds v. Commonwealth, 189 S.W.3d 558, 566 (Ky. 2006). "This inquiry is inherently fact-sensitive" and we review for clear error. Id.
After the jury's foreperson read the guilty verdict, the trial judge advised Appellee that his bond was revoked, that he could not leave the courtroom, that he had the right to appeal the jury's verdict, and that counsel would be appointed to represent him on appeal if he could not afford an attorney. Approximately a half an hour later, the judge recorded another entry oh the video record. While under oath, the judge engaged Appellee in a standard plea colloquy.
The Court of Appeals noted that the plea colloquy, during which the trial court informed Appellee that entry of the guilty plea waived his right to appeal, took place soon after the trial court informed Appellee that he had a right to appeal the jury's verdict. Given the timing of the opposing statements, the majority concluded that Appellee did not understand what rights he was waiving. Having reviewed the entire Boykin colloquy, however, it is clear that Appellee's plea was made knowingly, voluntarily, and intelligently.
For example, the trial court explained that the agreement would require Appellee to serve 85 percent of his sentence before becoming parole eligible, register as a sex offender, complete five years of conditional discharge, and keep his registration updated to avoid criminal penalties for failure to register. Appellee answered in the affirmative when asked whether he understood the terms of the agreement. He also indicated that he was satisfied with trial counsel's performance.
In addition, the trial judge specifically asked Appellee on the record: "[D]o you further understand that by pleading guilty, there will be no appeal to a higher court from the judgment of this court finding you guilty?" Appellee responded, "Yes, your honor." After acknowledging that he understood the rights he was giving up by virtue of his guilty plea, Appellee admitted that he committed the crimes to which he was pleading guilty.
It is also noteworthy that Appellee was engaged in the colloquy. For example, he specifically asked the court about his ability to remain on bail pending sentencing. He also has a previous criminal record indicating that he entered guilty pleas in two separate cases in 2006-one in Warren County for burglary and assault and another in Edmonson County for criminal trespass. Therefore, his knowledge of the criminal justice system and of his plea agreement was clearly informed by previous experience.
Although this case is somewhat unique because it involves a guilty plea entered after a conviction, there is nothing in the record here to indicate that Appellee was confused as to the nature of his rights. In fact, we have previously enforced guilty plea agreements in similar cases involving *654 post-conviction pleas. E.g., Geary v. Commonwealth, 96 S.W.3d 1 (Ky. 2001) ; and Johnson v. Commonwealth, 120 S.W.3d 704 (Ky. 2003). Based on the totality of the circumstances, we hold that Appellee's guilty plea was made knowingly, voluntarily, and intelligently. Therefore, the trial court did not commit clear error in refusing to allow Appellee to withdraw his plea.
Conclusion
For the foregoing reasons, we hereby reverse the Court of Appeals' decision and reinstate Appellee's conviction and sentencing.
Minton, C.J.; Cunningham, Hughes, Keller, Venters, and Wright, JJ., sitting.
All concur.
VanMeter, J., not sitting.