RENDERED: JUNE 14, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0172-MR

DEMETRIUS M. CLAYTON                                        APPELLANT

v.             APPEAL FROM HARDIN CIRCUIT COURT
               HONORABLE KELLY MARK EASTON, JUDGE
               ACTION NOS. 18-CR-00109 AND 18-CR-00110

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, ECKERLE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Demetrius Clayton ("Clayton") appeals from the Hardin

Circuit Court's Order entered January 4, 2022, which denied his motion for relief

pursuant to CR[1] 60.02(d), (e), and (f). We affirm.

---

[1] Kentucky Rules of Civil Procedure.

## BACKGROUND

On November 19, 2017, Clayton unlawfully entered into a residence and assaulted the owner of the residence. On February 8, 2018, Clayton was indicted by the Hardin County Grand Jury for assault in the first degree, burglary in the first degree, possession of a handgun by a convicted felon, wanton endangerment in the first degree, and being a persistent felony offender in the first degree.[2]

On January 24, 2018, Clayton had been speeding in Hardin County, Kentucky. When a police officer attempted to pull over Clayton's vehicle, he fled from the scene. Clayton was indicted on the same day for fleeing or evading police in the first degree, operating a motor vehicle under the influence of intoxicants (first offense), speeding, operating on a suspended operator's license, disregarding a traffic control device, reckless driving; fleeing or evading police in the second degree, wanton endangerment in the first degree (police officer), possession of synthetic drugs, illegal possession of drug paraphernalia, failure to illuminate head lamps, and improper use of blue lights.[3] Clayton pled guilty to

---

[2] Indictment No. 18-CR-00109; Kentucky Revised Statutes ("KRS") 508.010; KRS 511.020; KRS 527.040; KRS 532.080(3).

[3] Indictment No. 18-CR-00110; KRS 520.095; KRS 189A.010(5)(A); KRS 189.390; KRS 186.620(2); KRS 189.231(2); KRS 189.290; KRS 520.100; KRS 508.060; KRS 218A.1430; KRS 218A.500(2); KRS 189.030; KRS 189.950.

both indictments on August 7, 2018. In total, Clayton was to serve 25 years on both convictions.

On February 26, 2021, Clayton submitted a motion pursuant to CR 60.02 and RCr[4] 11.42 to vacate his judgment.[5] The CR 60.02/RCr 11.42 motion was denied by the trial court by Order on April 26, 2021. Clayton filed a notice of appeal for both cases with this Court; however, he filed motions to dismiss both appeals which were granted by Order on January 12, 2022.[6]

On December 16, 2022, Clayton filed a motion pursuant to CR 60.02(d), (e), and (f) in each case. The trial court denied the motion, stating that Clayton could have presented his claims in his previous CR 60.02 motion, and, thus, the motion was procedurally barred. This appeal follows.

## STANDARD OF REVIEW

A trial court's decision on a CR 60.02 motion is reviewed under an abuse of discretion standard. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."

---

[4] Kentucky Rules of Criminal Procedure.

[5] The trial court had to ask for clarity whether Clayton was submitting his motion pursuant to CR 60.02 or RCr 11.42, and if the motion was for both of his cases. Clayton clarified that he was submitting the motion under both CR 60.02 and RCr 11.42.

[6] Appeals No. 2021-CA-0572-MR and No. 2021-CA-0574-MR.

*Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Therefore, we will affirm the trial court's decision unless there is a showing of some "flagrant miscarriage of justice." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

## ANALYSIS

Clayton argues that the trial court abused its discretion when it denied his September 16, 2022, CR 60.02 motion because his convictions are void as the rules governing grand jury proceedings were violated in his case when the trial court did not provide him a DVD recording of the proceeding.

The trial court did not abuse its discretion when it denied Clayton's motion for relief. "A defendant who is in custody under sentence . . . is required to avail himself of RCr 11.42 as to any ground of which he is aware, or should be aware, during the period when the remedy is available to him." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). Additionally, "our rules of civil procedure do not permit successive motions." *Stocker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009). Clayton has already filed a motion pursuant to RCr 11.42 and CR 60.02 to vacate his conviction, which was denied by the trial court on April 26, 2021. Record ("R.") Vol. I at 84-91, No. 18-CR-00109. The current issue raised by Clayton is one that could have, and should have, been raised in the prior RCr 11.42 and CR 60.02 motion. Because Clayton's post-conviction

-4-

motion is successive in nature and raises an issue that should have been brought in his initial RCr 11.42/CR 60.02 motion, it is improper under Kentucky law.

Even assuming, *arguendo*, that Clayton's latest CR 60.02 motion was not barred procedurally, it would still fail. By entering a plea of guilty, Clayton waived any defense to the validity of his indictments except that the indictments do not charge an actual crime. *Centers v. Commonwealth*, 799 S.W.2d 51, 55 (Ky. 1990). Thus, the trial court did not abuse its discretion when it denied Clayton's CR 60.02 motion.

## CONCLUSION

For the foregoing reasons, we AFFIRM the January 4, 2022, Order of the Hardin Circuit Court denying Appellant relief pursuant to CR 60.02.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Demetrius M. Clayton, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky