**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Shawn Dale BEASON, Defendant–Appellant.**

No. 02–5128.

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

The defendant appeals the judgment of sentence entered on his guilty plea to a violation of 21 U.S.C. § 846. He argues that the district court erred in denying a downward departure for acceptance of responsibility. The government now moves to dismiss this appeal based on the defendant's waiver of appeal incorporated into his plea agreement. The defendant responds in opposition. The government replies in support of its motion.

The defendant pleaded guilty to attempted possession with intent to distribute over 500 grams of cocaine. The plea agreement, entered pursuant to Fed. R.Civ.P. 11(e)(1)(B), provided that at the time of sentencing, the government would:

recommend a reduction of 3 levels below the other applicable [Sentencing] Guide-

line for "acceptance of responsibility" as provided by § 3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea. (Plea Agreement, ¶ 9).

The plea agreement also provided:

Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction and the manner in which that sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. (Plea Agreement, ¶ 11).

The district court accepted the guilty plea and advised the defendant, "If you disagree with my decision, then you won't have a right to appeal . . . ." The defendant indicated that he understood the meaning of the waiver. The defendant was ordered detained in the local county jail pending sentencing.

At the sentencing hearing, the government declined to recommend the reduction for acceptance of responsibility based upon a conclusion that the defendant had engaged in conduct inconsistent with an acceptance of responsibility. The government proffered evidence showing that the

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

defendant's cellmate had received two pairs of shoes from a visitor that contained contraband drugs. Following that event, jail authorities had reviewed tapes of telephone calls originating from the defendant's cell. Those tapes indicated two different individuals had originated calls and conducted conversations that could be construed as planning the smuggling of the contraband into the jail. A jail guard identified one of the voices as that of the defendant. Following a review of the tapes and transcripts, the district court declined to grant a downward departure for an acceptance of responsibility and imposed sentence.

Upon imposing sentence, the district court stated that the waiver clause of the plea agreement did not preclude the defendant's appeal on the issue of downward departure. This appeal followed. The defendant argues that the district court did not have sufficient evidence on which to base the denial of a downward departure. The government argues that any appeal is precluded by the waiver.

It is well established that plea agreements are binding and that terms of waiver are likewise binding. *United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996). The defendant does not assert that his entry into the plea agreement was anything less than knowing or voluntary. *Cf. United States v. Mader,* 251 F.3d 1099, 1103 (6th Cir.2001) (waiver in plea agreement did not preclude appeal of the validity of the plea). The plea agreement in this case waives appeal of any sentence within the maximum imposed by the statute. The sentence in this case falls below that maximum.

In *United States v. Fleming,* 239 F.3d 761 (6th Cir.2001), this court held that a district judge cannot unilaterally restore a right of appeal that has been waived in a valid plea agreement. The defendant argues that the district court in this case

went beyond the court in *Fleming* and instead "retracted" the plea agreement insofar as it precluded an appeal of the issue surrounding acceptance of responsibility. We do not find grounds for such a distinction. *Fleming* holds that a district court is without authority to "retract" a waiver.

Finally, the denial of a motion to depart downward generally is not appealable, provided the district court is aware of its discretion to grant such a departure. *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995); *United States v. Davis,* 919 F.2d 1181, 1187 (6th Cir.1990). Here, there is no indication that the district court was unaware of its discretion to grant a departure. Rather, his decision reflects a determination that a departure was not warranted.

Therefore, the motion to dismiss this appeal hereby is GRANTED.