**Roy Shannon JOHNSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2002–SC–0553–MR.

Supreme Court of Kentucky.

Aug. 21, 2003.

---

## ORDER

This matter comes before this Court as a matter of right appeal following Appellant's conviction by the Knox Circuit Court of manufacturing methamphetamine. Appellant was also charged with being a first-degree persistent felony offender.

After a jury convicted Appellant on the manufacturing charge, he entered into a plea agreement whereby he accepted the Commonwealth's offer of an amended charge of second-degree persistent felony offender. Appellant subsequently appealed his conviction for manufacturing methamphetamine to this Court after having received a sentence of twenty-one years imprisonment.

The Commonwealth moved to dismiss this appeal outright, or in the alternative, to abate and remand to the trial court to determine whether Appellant waived his right to appeal in exchange for the reduction of the PFO charge. We granted the Commonwealth's motion in part and remanded the case to the Knox Circuit Court for such a determination. On May 21, 2003, the Knox Circuit Court entered an order finding that Appellant had knowingly waived his right to appeal both the amended charge of second-degree persistent felony offender and the underlying conviction for manufacturing methamphetamine during the plea colloquy that took place prior to sentencing. We note that no appeal has been filed from that order. We now have before us the Commonwealth's motion to dismiss. Appellant objects to the motion, arguing that the record is not clear on the waiver issue and that by filing a notice of appeal counsel indicated a lack of awareness of a waiver.

In the May 21, 2003 order, the trial court found that "Johnson did, in fact, waive his right to appeal his conviction for manufacturing methamphetamine," based on the record made at entry of the plea.

A review of the trial record reveals the following plea colloquy:

Court: You understand that you also give up your right to appeal this court's judgment of this case if in fact you plead guilty?

Defendant: Yes, sir.

After the court further inquired into the knowing and voluntary nature of Appellant's guilty plea, the trial judge again stated:

Court: And just so the record is clear, it is the Court's understanding that in consideration of the Commonwealth agreeing to amend the persistent felony offender charge in the first degree to persistent felony offender in the second degree, and agreeing to the sentence that the Commonwealth recommended, the defendant waives any claim to appeal his conviction on the charge of manufacturing methamphetamine. Is that correct?

Counsel for Defendant: That's correct, you Honor.

Court: You understand that? I don't think that I said that as expressly as perhaps I should have, Mr. Johnson, but you do understand that you are giving your right, giving up your right to appeal that particular conviction?

Defendant: Yes, sir.

Surprisingly, this Court does not appear to have directly addressed the question of whether the right to appeal guaranteed under the Federal and Kentucky Constitution can be waived under these circumstances. The federal courts have, however, addressed the waiver of constitutional rights in general.

■ "Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily." *United States v. Ashe*, 47 F.3d 770, 775–776 (6th Cir.1995); *see also Town of Newton v. Rumery*, 480 U.S.

386, 393, 107 S.Ct. 1187, 1192, 94 L.Ed.2d 405, 416 (1987) (holding that plea bargaining does not violate the U.S. Constitution even if important constitutional rights are waived). It is likewise well established that a plea agreement and any waivers contained therein are binding upon a defendant. *United States v. Beason*, 42 Fed. Appx. 787, 789 (6th Cir.2002).

We see no reason to depart from the reasoning of the federal cases and thus believe that the right to an appeal may indeed be waived and was so waived here.

Therefore, the motion to dismiss the appeal filed by the Commonwealth is hereby GRANTED.

■ Subsequent to the entry of the trial court's determination that Appellant had indeed waived his right to appeal, Appellant moved for an evidentiary hearing before the trial court. We see no need for such a hearing given the clear specific language of the questions propounded by the trial court when the plea was accepted. Therefore, the motion for an evidentiary hearing is DENIED.

All concur.

/s/ Joseph E. Lambert
Chief Justice