**John PROPES, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2007–CA–001440–MR.

Court of Appeals of Kentucky.

June 6, 2008.

John Propes, Fredonia, KY, appellant Pro Se.

Gregory D. Stumbo, Attorney General of Kentucky, Louis F. Mathias, Jr., Assistant Attorney General, Frankfort, KY, for appellee.

Before CAPERTON, LAMBERT, and THOMPSON, Judges.

*OPINION*

THOMPSON, Judge.

John Propes appeals from an order of the Monroe Circuit Court denying his motion for additional jail time credit for the 352 days he served prior to pleading guilty to second-degree assault. For the reasons stated herein, we affirm.

On February 17, 2005, Propes entered a plea of guilty. In the plea, the Commonwealth agreed to dismiss the charges of operating a motor vehicle under the influence of drugs or alcohol, second offense; driving with a suspended license, first offense; and wanton endangerment, first-degree. Additionally, the Commonwealth agreed to amend Propes' charge of assault in the first degree to assault in the second degree. Finally, the plea provided that Propes agreed to waive any jail time credit for his jail service prior to accepting the plea offer which was 352 days. On March 23, 2005, in accordance with the guilty plea, the trial court sentenced Propes to ten years' imprisonment.

Subsequently, citing KRS 532.120(3), Propes filed a motion to be granted additional jail time credit for the time he spent in jail prior to accepting his plea. On June 28, 2007, the trial court denied Propes' motion for additional jail time credit. This appeal followed.

Propes contends that the trial court erred when it denied him 352 days of jail time credit representing the time he spent in custody prior to accepting the Commonwealth's plea offer. Specifically, he contends that the denial of his jail time credit resulted in an illegal sentence being imposed against him because his effective

sentence exceeded the maximum term of the criminal offense for which he was convicted.

Essentially, he contends that the maximum term for second-degree assault, a class C felony, is ten years' imprisonment. Therefore, when he was sentenced to ten years' imprisonment without the benefit of his 352 days of jail time credit, he contends that he was effectively sentenced to eleven years' imprisonment for an offense with a maximum term of ten years' imprisonment.

Propes further contends that the trial court was required to credit him with 352 days by virtue of KRS 532.120(3). In pertinent part, KRS 532.120(3) provides that "[t]ime spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the court imposing sentence toward service of the maximum term of imprisonment." Noting that the statute contains mandatory language, Propes argues that the trial court was compelled to give him jail time credit.

Propes correctly states that KRS 532.120(3) provides credit for time spent in custody prior to the commencement of a sentence. However, there is nothing that precludes a defendant from voluntarily, knowingly, and intelligently waiving the operation of this statute. Defendants may waive many constitutional and statutory rights which would otherwise operate for their benefit. *Commonwealth v. Townsend,* 87 S.W.3d 12, 15 (Ky.2002).

Specifically, our Supreme Court has held that a defendant may validly waive the maximum aggregate sentence limitation found in KRS 532.110(1)(c). *Johnson v. Commonwealth,* 90 S.W.3d 39, 44 (Ky. 2002). This statute limits the term of imprisonment that a defendant must serve when he is sentenced to consecutive terms. Further, in *Johnson v. Commonwealth,*

120 S.W.3d 704, 706, our Supreme Court noted, in pertinent part, the following:

"Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily." *United States v. Ashe,* 47 F.3d 770, 775–776 (6th Cir.1995); *see also Town of Newton v. Rumery,* 480 U.S. 386, 393, 107 S.Ct. 1187, 1192, 94 L.Ed.2d 405, 416 (1987) (holding that plea bargaining does not violate the U.S. Constitution even if important constitutional rights are waived). It is likewise well established that a plea agreement and any waivers contained therein are binding upon a defendant. *United States v. Beason,* 42 Fed.Appx. 787, 789 (6th Cir.2002).

In this case, Propes accepted and signed a plea agreement which specifically provided that he was waiving any jail time credit accumulated prior to accepting the Commonwealth's plea offer. While Propes contends he was illegally sentenced, the Commonwealth agreed to amend his first-degree assault charge, a Class B felony with a maximum term of twenty years, to second-degree assault, and to dismiss his first-degree wanton endangerment charge.

Therefore, we conclude that Propes' guilty plea waived the operation of KRS 532.120(3). Furthermore, because the waiver of the statute does not constitute a constitutional waiver, there is no constitutional prohibition against presuming that Probes' waiver was valid. *Johnson,* 90 S.W.3d at 45. Finally, we note that Probes has failed to place his plea agreement or a transcript or recording of the court proceedings of his plea agreement into the appellate record, and this failure operates to support that Propes' plea was valid. *Clark v. Commonwealth,* 223 S.W.3d 90, 102 (Ky.2007) (appellate courts will assume that any missing portion of the

record supports the ruling of the trial court).

For the foregoing reasons, the order of the Monroe Circuit Court is affirmed.

ALL CONCUR.