Kevin Lamont SIMMS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2010–CA–000344–MR.

Court of Appeals of Kentucky.

Sept. 16, 2011.

Discretionary Review Denied by
Supreme Court Dec. 14, 2011.

Daniel T. Goyette, Louisville Metro Public Defender, Annie O'Connell, Assistant Public Defender, J. David Niehaus (argued), Deputy Appellate Defender, Louisville, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Michael J. Marsch, Assistant Attorney General, Frankfort, KY, for appellee.

Joshua D. Farley (argued), Frankfort, KY, for appellee.

Before CAPERTON, COMBS, and THOMPSON, Judges.

## OPINION

COMBS, Judge:

Kevin Simms, a/k/a Kevin Franklin, appeals an order of the Jefferson Circuit Court denying his motion to withdraw his waiver of jury sentencing. After reviewing the record and the law, we affirm.

In July 2009, Simms was convicted by a jury of second-degree manslaughter and tampering with physical evidence. After the jury returned the verdict, Simms and the Commonwealth, outside the presence of the jury, negotiated a deal regarding sentencing. By its terms, Simms received a sentence of ten-years' imprisonment for the manslaughter conviction and five years for the charge of tampering with physical evidence—to be served concurrently. In exchange, he waived the right to be sentenced by a jury and the right to appeal.

The agreement was solemnized both by a written form and in an oral colloquy between the trial court and Simms. The form, used locally by the Jefferson Circuit Court, is titled "Waiver of Jury Sentencing Proceeding." The text, including what has been filled in by the Commonwealth, is as follows:

The defendant, Kevin Simms, understands that he/she has a right to a jury determination of sentencing pursuant to RCr 9.26(1) and KRS 532.055 and that by the agreement in this case he/she waives the right to a jury determination of sentencing for the underlying convictions of Manslaughter II (5–10 years) [and] TWPE (1–5 years).

And hereby agrees to the Commonwealth's recommended sentence as set forth below: 10 yrs on Manslaughter II, 5 yrs on TWPE to run concurrent [sic] for a total of 10 years, Commonwealth objects to probation; Defendant agrees to waive any and all appeals this case & 03CR2555 & the 05CR0474 indictment as well.

The Commonwealth and defendant further agree that: The defendant hereby waives his right of appeal regarding any issues raised during pretrial hearings or during the trial of this action.

The undated form was signed by Simms, his defense counsel, and the Commonwealth's counsel. Upon receiving the form, the trial court engaged in an unsworn conversation with Simms. The court reiterated to Simms that he was forfeiting his right to appeal. Simms stated that he understood.

Shortly after this exchange, Simms filed a motion to withdraw the waiver. He offered to accept the maximum sentence (15 years) in exchange for restoration of his right to appeal. The trial court denied the motion in January 2010. This appeal follows.

Simms challenges only one aspect of his sentencing agreement—the loss of the right to appeal. In particular, he argues that both the written form and the oral colloquy with the trial court were inadequate to meet constitutional muster for a proper waiver. He contends that he was not informed of the constitutional charac-

ter of the right to appeal, an infirmity which he asserts invalidates his waiver.

■ This is an unusual situation because the right to be sentenced by a jury is not constitutional in origin. The predecessor to our Supreme Court has explained that "the constitutional right to trial by jury extends to the trial of the issue of guilt or innocence where a plea of not guilty has been entered and does not extend to the fixing of the penalty." *Williams v. Jones,* 338 S.W.2d 693, 694 (Ky.1960). On the other hand, the Kentucky Constitution guarantees the right to appeal. Ky. Const. Sec. 115. Therefore, the form that Simms signed conjoins the waiver of a right that is constitutionally guaranteed with the waiver of a right that is not. Nonetheless, we conclude that Simms validly waived his right to appeal.

■ It is well established that "the most basic rights of criminal defendants are subject to waiver." *Peretz v. U.S.,* 501 U.S. 923, 936, 111 S.Ct. 2661, 2669, 115 L.Ed.2d 808 (1991) (*quoted by New York v. Hill,* 528 U.S. 110, 114, 120 S.Ct. 659, 663, 145 L.Ed.2d 560 (2000)); *see also Parson v. Commonwealth,* 144 S.W.3d 775, 783 (Ky.2004). The Supreme Court of Kentucky has spoken on this issue and has held that the right to appeal may be waived. *Johnson v. Commonwealth,* 120 S.W.3d 704, 706 (Ky.2003).

■ The waiver of a constitutional right must be given voluntarily, knowingly, and intelligently "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. U.S.,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). In the context of guilty pleas, we review the trial court's determination of whether a defendant acted voluntarily under the clearly erroneous standard. *Rigdon v. Commonwealth,* 144 S.W.3d 283, 288 (Ky.App.2004). Because a guilty plea

is comprised of the waiver of several constitutional rights, the clearly erroneous standard is also appropriate in this case. Clear error occurs when the trial court's actions are not supported by substantial evidence. *Fugate v. Commonwealth,* 62 S.W.3d 15, 18 (Ky.2001).

Simms's persuasive argument is that he did not knowingly and voluntarily waive his right to appeal because neither the written form nor the trial court explicitly told him that his right to appeal is constitutional. We do not agree.

Simms correctly points out that the standard Administrative Office of the Courts (AOC) form for guilty pleas includes a list of constitutional rights that are being waived, including the right to appeal. He argues that the form that he signed was deficient because it did not use the word *constitutional* to modify "his right to appeal" in the last paragraph of the form as quoted earlier in this opinion.

We note that the right to remain silent is guaranteed by the Fifth Amendment of the United States Constitution. Nonetheless, the routine warning that law enforcement officers are required to provide to suspects does not include any adjectives indicating the constitutionality of the right. *Miranda v. State of Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). "You have the right to remain silent" is distinguished from the arguable variant that Simms would propose: "You have the constitutional right to remain silent...." Omission of the adjective does not diminish the validity of the warning.

We acknowledge that this was a close case that was very well briefed and argued by the appellant. The form could have (and perhaps should have) stated that the right to appeal is guaranteed by the Kentucky Constitution. We also note that the trial court asked if it should conduct a *Boykin* colloquy with Simms; it elected

not to do so. The colloquy is "an affirmative showing, on the record, that a guilty plea is voluntary and intelligent" as required by *Boykin v. Alabama,* 395 U.S. 238, 241–42, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). *Id.* The *Boykin* colloquy addresses the defendant's state of mind, whether he understands his options other than the guilty plea, if he is satisfied with the representation his counsel provided, and if the plea is his own choice. It would not have been a hardship and certainly would have been better practice for the court to conduct the colloquy in order to insure the voluntariness of Simms's plea.

■ However, the form that Simms signed (and acknowledged having signed) stated in two different places that Simms was forfeiting the right to appeal. He also stated in open court that he understood that he was waiving the right to appeal. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73–74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). Furthermore, when reviewing a guilty plea, our Supreme Court has held that it is unnecessary for a trial court to discuss every implication of every waiver entailed in the plea. *Grigsby v. Commonwealth,* 302 S.W.3d 52 (Ky.2010).

Simms does not offer any evidence that he did not tell the truth in his colloquy with the court. His trial counsel testified to the court that he felt that a jury would have imposed a much harsher punishment upon Simms, and he thought that the sentencing bargain was equitable. With that evidence before the trial court, we are not persuaded that it committed error when it denied Simms's motion to withdraw his waiver of jury sentencing.

Therefore, we conclude that Simms was adequately informed when he agreed to the sentencing plea, and we hold the court did not err in denying his motion to withdraw his plea.

■ Simms also argues that the trial court erred when it stated to him that he would not be able to appeal anything at all. It is true that appeal from a few limited issues cannot be waived; *i.e.,* competency to enter a plea, validity of the plea, subject matter jurisdiction, and sentencing issues. *Windsor v. Commonwealth,* 250 S.W.3d 306, 307 (Ky.2008). However, we believe that any such error is harmless. The trial court did not in fact deprive Simms of those potential appeals. He still possesses the right to appeal those issues should they be demonstrated to be applicable to his case.

Accordingly, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.