RENDERED: FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0448-MR

ALEXANDER MUNIZ                                            APPELLANT

                        APPEAL FROM LEE CIRCUIT COURT
v.                      HONORABLE MICHAEL DEAN, JUDGE
                            ACTION NO. 20-CI-00050

RANDY WHITE, ACTING
COMMISSIONER OF THE
KENTUCKY DEPARTMENT OF
CORRECTIONS; DANIEL AKERS,
WARDEN OF THE LEE
ADJUSTMENT CENTER; AND
JAMES STAMPER, ADJUSTMENT
OFFICER OF THE LEE
ADJUSTMENT CENTER                               APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Alexander Muniz, *pro se*, brings this appeal from a February 23, 2021, order of the Lee Circuit Court dismissing Muniz's declaration of rights action.  We affirm.

Muniz was an inmate at Lee Adjustment Center in Beattyville, Kentucky, where he was serving a fifteen-year sentence of imprisonment for first-degree manslaughter.  On April 21, 2019, correction officers at Lee Adjustment Center responded to an altercation in a dormitory involving multiple inmates.  Following a review of the security camera footage, it was determined that Muniz was one of fourteen inmates involved in the altercation.

On May 17, 2019, a Disciplinary Report Write-Up and Investigation (Disciplinary Write-Up) was prepared regarding Muniz's involvement in the April 21, 2019, altercation.  Then, on May 20, 2019, the Disciplinary Write-Up was delivered to Muniz charging him with violating Kentucky Corrections Policies and Procedures (CPP) 15.2 (II)(VII)(7), inciting to riot or rioting.[1]  Upon delivery, the Disciplinary Write-Up was read to Muniz at 11:18 p.m. on May 20, 2019.  Muniz pleaded not guilty to the charged offense, waived the 24-hour notice requirement, and requested a hearing.

---

[1] Kentucky Corrections Policy and Procedures 15.2 (I) defines "riot" as "incites, instigates, organizes, plans, causes, aids, abets, assists or takes part in any disorder, disturbance, strike, or other organized disobedience to the rules of the institution."

The next morning, May 21, 2019, a prison disciplinary hearing was conducted before the Adjustment Committee at 9:24 a.m. Pursuant to a Disciplinary Report Hearing/Appeal (Disciplinary Report), Muniz was found guilty of violating CPP 15.2 (II)(VII)(7), inciting to riot or rioting. Muniz was sentenced to thirty-days' segregation and forfeiture of 1,460 days of non-restorable good-time credit. Muniz filed a timely appeal to Warden Daniel Akers. Warden Akers reviewed the matter and concurred with the findings and penalties assessed by the Adjustment Committee.

On May 15, 2020, Muniz filed a Petition for Declaration of Rights in the Lee Circuit Court challenging the disciplinary proceeding. Therein, Muniz generally asserted that the Department of Corrections violated his procedural due process rights as protected by Sections 11 and 13 of the Kentucky Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the CPP. The circuit court disagreed with Muniz and dismissed his Petition for Declaration of Rights deciding that Muniz had "waived the 24 hour notice requirement, and there was no due process violation." February 23, 2021, Order Dismissing at 3. This appeal follows.

Muniz contends the circuit court erred by dismissing his Petition for Declaration of Rights without addressing the merits of his alleged due process violations. Muniz asserts the circuit court summarily dismissed the Petition for

Declaration of Rights solely upon the basis that Muniz had waived his right to receive 24-hour notice of the prison disciplinary hearing as provided by CPP 15.2. Muniz acknowledges that he waived the 24-hour notice but asserts that such waiver did not extinguish his other due process rights related to the prison disciplinary hearing.

It is generally agreed that due process rights applicable to a prison disciplinary hearing can be waived by an inmate. *See Yates v. Fletcher*, 120 S.W.3d 728, 730 (Ky. App. 2003). To validly waive such a right, an inmate must do so knowingly and intelligently. *See Simms v. Commonwealth*, 354 S.W.3d 141, 143 (Ky. App. 2011); *see also* 2 Michael B. Mushlin, *Rights of Prisoners* §10.2 (5th ed. 2020).

In this case, it is undisputed that Muniz signed the Disciplinary Write-Up, and therein, Muniz agreed to waive the 24-hour notice requirement. It is equally uncontroverted that Muniz did not waive any other due process rights in the Disciplinary Write-Up. In fact, the Disciplinary Write-Up contained a provision that allowed Muniz to waive his due process right to be present at the disciplinary hearing; however, Muniz refused to waive the right. In light of the clear facts, we conclude that Muniz only waived his right to 24-hour notice of the disciplinary hearing and did not waive the other due process rights applicable to a disciplinary hearing.

-4-

Muniz next asserts that the adjustment committee violated his due process rights by not providing him advance notice of the disciplinary hearing and an opportunity to call witnesses and present evidence.

It is well established that prison disciplinary proceedings are not the equivalent of a criminal prosecution, and inmates are not entitled to "the full panoply of rights" that a criminal defendant possesses. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Rather, an inmate detained in lawful custody is only entitled to minimal due process in a prison disciplinary proceeding where loss of good time credit is at issue. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *McMillen v. Ky. Dep't of Corr.*, 233 S.W.3d 203, 205 (Ky. App. 2007)). The minimal due process rights afforded an inmate in a prison disciplinary proceeding include – advance written notice of the disciplinary charges and an opportunity to call witnesses and present evidence if consistent with institutional safety/correctional goals. *Walpole*, 472 U.S. at 454 (citing *Wolff*, 418 U.S. at 563-67).

Regarding the right to receive advance notice, Muniz elected to waive the right to receive 24-hour notice of the disciplinary proceeding. By waiving the 24-hour notice, Muniz, likewise, waived the advanced notice provided for in *Walpole*. *Walpole,* 472 U.S. at 454; *Yates*, 120 S.W.3d at 730.

Regarding an inmate's right to have the opportunity to call witnesses and present evidence, Muniz asserts that due to the short notice, he was essentially deprived of the opportunity to do so. However, as Muniz waived the right to advance notice of the hearing, he cannot complain of the lack of preparation time. Additionally, Muniz failed to request the opportunity to present evidence or to call witnesses at the hearing. As such, we do not believe Muniz's minimal due process right to present evidence or call witnesses as identified in *Walpole* was violated. *See Walpole*, 472 U.S. at 454.

Muniz further maintains there was insufficient evidence to support the Adjustment Committee's finding that he was guilty of inciting to riot or rioting. In particular, Muniz alleges there did not exist "some evidence" to support the finding that Muniz committed the charged offense.

It is well settled that in a prison disciplinary proceeding, due process is satisfied if "some evidence" of guilt is present in the record. *Walpole*, 472 U.S. at 454. As to the some evidence requirement, the Kentucky Supreme Court held:

> [I]f "the findings of the prison disciplinary board are supported by some evidence in the record[,]" due process is satisfied. And determining whether "some evidence" is present in the record does not "require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Even "meager" evidence will suffice. The primary inquiry is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." If "some evidence" is satisfied, the

-6-

fear of arbitrary government action is removed and no due-process violation is found.

*Ramirez v. Nietzel*, 424 S.W.3d 911, 916-17 (Ky. 2014) (citations and footnotes omitted).  Thus, the relevant inquiry is essentially whether there exists "any evidence in the record to support the conclusion reached by the disciplinary board." *Walpole*, 472 U.S. at 455-56.

The record reveals that there was certainly some evidence to support the finding that Muniz was guilty of inciting to riot or rioting.  Of particular import, the Disciplinary Write-Up provided that upon review of the security camera footage, the investigating officer "found that Inmate Alexander Muniz #253372 was one of the 14 inmates involved in the altercation."  May 15, 2019, Disciplinary Write-Up at 1.  The Disciplinary Report also provided that the Adjustment Committee's decision was based upon the fact that "Muniz can be seen plainly on camera being active in the disturbance which did involve 14 other inmates."  May 21, 2019, Disciplinary Report at 1.  Although the evidence presented at the hearing was not very detailed regarding the specific action of Muniz, meager evidence will suffice in a prison disciplinary proceeding.  *Id.*  As Muniz was plainly visible on the security camera footage as being active in the disturbance, we believe that the evidence was sufficient to satisfy the requirement of some evidence to support the Adjustment Committee's finding that Muniz was

guilty of inciting to riot or rioting.  Therefore, we affirm the circuit court's dismissal of Muniz's Petition for Declarations of Rights.

For the foregoing reasons, the order of the Lee Circuit Court is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE RANDY WHITE: |
|---|---|
| Alexander Muniz, *Pro Se* Sandy Hook, Kentucky | Angela T. Dunham Kentucky Justice & Public Safety Cabinet Office of Legal Services Frankfort, Kentucky |