RENDERED: MAY 26, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0885-MR

KENNETH BROWN                                             APPELLANT

v.                   APPEAL FROM OLDHAM CIRCUIT COURT
HONORABLE JERRY CROSBY, II, JUDGE
ACTION NO. 17-CR-00014

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, JONES, AND TAYLOR, JUDGES.

CETRULO, JUDGE: Kenneth Brown ("Brown"), *pro se*, appeals the Oldham Circuit Court order denying his motion to vacate his sentence pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42 without an evidentiary hearing. After review, we AFFIRM.

## I.     FACTS AND PROCEDURAL HISTORY

In October 2016, at a pre-trial hearing (for a separate action) with Brown, the prosecutor ("Prosecutor Gray") stated she was considering bringing

additional charges against him.  In response, Brown stated, "[a]nd you . . . I'm gonna have you killed.  Since you gonna put cases on me, Imma have you killed for real."  Brown made this statement in open court.

In January 2017, Brown was indicted on one count of intimidating a participant in the legal process and as a second-degree persistent felony offender ("PFO II").  In December 2017, after a short trial, a jury found Brown guilty of intimidating a participant in the legal process.  After the jury verdict, Brown and the Commonwealth negotiated a deal regarding sentencing.  By its terms, Brown pled guilty, in exchange for five years of imprisonment for intimidating a participant in the legal process, enhanced an additional two years by the PFO II charge, and he waived his right to appeal.

However, before sentencing, Brown moved to withdraw his plea pursuant to RCr 8.10.[1]  *Brown v. Commonwealth*, No. 2018-CA-001180-MR, 2019 WL 3367195, at *1 (Ky. App. Jul. 26, 2019).  Brown asserted that his counsel incorrectly explained how the plea agreement would affect his parole hearing eligibility date.  *Id.*  According to Brown, his parole eligibility date would not remain at 20 years[2] as counsel originally informed him, but rather, he would

---

[1] Brown wrote a letter to the court requesting to withdraw his guilty plea prior to sentencing; the court treated the letter as a motion to set aside the guilty plea pursuant to RCr 8.10.

[2] In 2012, Brown was convicted of murder, wanton endangerment, and tampering with physical evidence; he was serving a 24-year sentence at the time he made the remarks to Prosecutor Gray. Jefferson Circuit Court, Case No. 10-CR-002631.

become parole eligible at 21 years and five months. *Id.* at *3. After a hearing, the trial court found that Brown received incorrect legal advice from his defense counsel, but concluded any error was not gross, nor were the consequences so dire to amount to ineffective assistance of counsel. *Id.* at *2. In July 2018, the trial court denied Brown's motion to withdraw his guilty plea and rendered final judgment in accordance with the terms of the plea agreement. *Id.* at *1. Brown appealed the denial of his motion to withdraw his guilty plea.

In July 2019, a panel of this Court affirmed the trial court's denial of Brown's RCr 8.10 motion:

> While having to wait an additional one year and five months to receive a parole hearing may seem unfair to Brown, this Court cannot conclude that the trial court abused its discretion when denying Brown's motion to withdraw his plea agreement because it was made voluntarily. A parole hearing date, as discussed earlier, is collateral in nature and parole is not guaranteed. Facing the prospect of potentially receiving one year by proceeding to trial, as opposed to the additional two years agreed to in the voluntary guilty plea, does not rise to the standard of not "being 'rational under the circumstances" for the trial court to reject the plea bargain.

*Brown*, 2019 WL 3367195, at *4.

In May 2021 – and as the basis of this appeal – Brown sought post-conviction relief by requesting an evidentiary hearing and filing a motion to vacate his sentence pursuant to RCr 11.42. He alleged numerous errors made by his trial counsel, but the trial court found that he was not prejudiced by any of the alleged

errors and denied his RCr 11.42 motion without an evidentiary hearing. Brown appealed.

## II.    ANALYSIS

First, we address whether the trial court erred when it denied the motion without an evidentiary hearing. Then, we discuss whether the trial court properly found Brown's counsel was not ineffective.

### A.    Evidentiary Hearing

The Kentucky Supreme Court has explained that when deciding an RCr 11.42 motion for ineffective assistance of counsel, an evidentiary hearing is required only when

> there is "a material issue of fact that cannot be determined on the face of the record." [*Wilson v. Commonwealth*, 975 S.W.2d 901, 904 (Ky. 1998).] And [the Kentucky Supreme] Court has consistently held that a hearing is not necessary when a trial court can resolve issues on the basis of the record or when "it determine[s] that the allegations, even if true, would not be sufficient to invalidate [the] convictions." [*Id.*]

*Commonwealth v. Searight*, 423 S.W.3d 226, 228 (Ky. 2014).

We review the trial court's factual findings for clear error. CR 52.01. This Court grants deference to "the trial court's factual findings and determinations of witness credibility." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (citation omitted). Here, the trial court determined that Brown was not entitled to a hearing on his motion because he raised no issues of material fact that

could not be determined from the face of the record.  On appeal, Brown challenges that factual determination.  He proposes three queries for an evidentiary hearing.

First, Brown questions why his counsel did not "take further steps to ensure that a compromised court did not preside" over his trial.  More specifically, the judge who witnessed the threat was the same judge who later presided over his trial.  Brown argues that if the judge had recused herself from the trial, as requested, he would have called her as a witness in his defense; and yet, Brown does not give even the tiniest hint as to why the judge would be helpful to his defense.  Brown does not argue that the judge had any special knowledge beyond witnessing the threat, a threat that was recorded in open court.  Here, it does not matter why his counsel did not push harder to have the judge recuse herself because there is no evidence such a recusal was necessary, germane, probative, or material.  Evidence "is *material* if that matter of fact pertains to an issue in dispute[.]" *Brafman v. Commonwealth*, 612 S.W.3d 850, 868 (Ky. 2020) (emphasis added).  Further, evidence is *material* if it goes to a fact of consequence in the case.  *Dooley v. Commonwealth*, 626 S.W.3d 487, 493 (Ky. 2021).  Brown's argument here does not present an issue of material fact, nor does he present any facts that, if true, would be sufficient to invalidate his conviction.

Second, Brown questions why the trial court allowed the Commonwealth to remove an African American woman from the jury without his

counsel issuing a *Batson* challenge.[3] It is unclear from the record whether the Commonwealth exercised a peremptory challenge or if the juror was excluded for a particular reason. During *voir dire*, that juror expressed hesitation about being able to sit judgment on someone, or send them to prison, for words that were said. Brown states vaguely that discrimination must have been the cause of the excusal, but he does not establish, even minimally, that the Commonwealth used a peremptory strike *because* of her race. Brown states in his brief, "Taking into account that 'a state's purposeful or deliberate denial to [African Americans] on account of race participation as jurors in the administration or justice violates the Equal Protection Clause', it was the courts sworn duty to answer these questions not answered by the record in order to ensure that Brown's rights had not been violated (*See Swain v. Alabama* 380 U.S. 202, 203-204)." Yet again, under these circumstances, further discussion about that excusal is not *material* because it is not outcome determinative. *Brafman*, 612 S.W.3d at 868; *see also Dooley*, 626 S.W.3d at 493. Here, an evidentiary hearing was not necessary to determine the

---

[3] "Challenging prospective jurors on the basis of race violates the Equal Protection Clause. In *Batson* [*v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986)], the United States Supreme Court outlined a three-step process for evaluating such claims." *Washington v. Commonwealth*, 34 S.W.3d 376, 378-79 (Ky. 2000). The first step in the process requires the defendant to "make a prima facie showing of racial bias for the peremptory challenge." *Id.* at 379. Brown failed to meet that requirement. If the first step is satisfied, the burden shifts to the Commonwealth to articulate a "clear and reasonably specific" race-neutral reason for the challenge. *Id*. Here, even if the first step had been met, the Commonwealth has such an articulable reason.

Commonwealth's reason for dismissing Juror #404 because the record reflects that the Commonwealth had a valid reason to excuse the juror. Even with an evidentiary hearing, Brown could not establish discrimination or misconduct on behalf of the Commonwealth or the trial court sufficient to invalidate his conviction.

Third, Brown argues that he lacked the requisite intent for the charge and wished his counsel would have done more to prove his lack of intent to intimidate. However, the lack of "intent" *was* argued at trial. In fact, Brown's counsel argued repeatedly that Brown did not intend to intimidate Prosecutor Gray, and that Brown only spoke from frustration and anger. Despite this, the jury found intent and found him guilty of one count of intimidating a participant in the legal process. "Questions of credibility and the weight to be given to evidence and testimony are issues reserved for determination by the jury." *Brewer v. Commonwealth*, 206 S.W.3d 313, 318 (Ky. 2006). The jury did not find the "lack of intent" argument to be credible. Brown's disagreement with the jury's finding does not create an issue of material fact. Thus, the trial court did not err in denying an evidentiary hearing.

### B. Effective Assistance of Counsel

This Court reviews a "trial court's denial of an RCr 11.42 motion for an abuse of discretion." *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky.

App. 2014). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

To determine if the trial court's denial of Brown's RCr 11.42 motion was an abuse of discretion, we must apply the framework set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).[4] Under the *Strickland* framework, we must ask: (1) did counsel's performance fall below an objective standard of reasonableness; and (2) if it did, was the unreasonableness so prejudicial that it deprived the defendant of a reasonable result? *McGorman*, 489 S.W.3d at 736 (citation omitted). We address question two *only* if the answer to question one is "yes." *Id.*

"When faced with an ineffective assistance of counsel claim in an RCr 11.42 appeal, a reviewing court first presumes that counsel's performance was reasonable." *Id.* (citing *Commonwealth v. Bussell*, 226 S.W.3d 96, 103 (Ky. 2007)). The burden is then on the defendant "to establish convincingly that he was deprived of some substantial right which would justify the extraordinary relief

---

[4] The Kentucky Supreme Court adopted *Strickland* in *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985).

afforded by the post-conviction proceedings provided in RCr 11.42." *Dorton v. Commonwealth*, 433 S.W.2d 117, 118 (Ky. 1968).

Here, Brown alleges his trial counsel was deficient seven ways to Sunday, but we are not sufficiently persuaded. Brown fails to establish that his counsel's performance was not reasonable and that he was deprived of some substantial right which would justify extraordinary relief.

Brown argues his counsel (1) failed to challenge the sufficiency of the indictment nor request a bill of particulars, and (2) failed to obtain a copy of the threat. He argues that these "mistakes" left him unprepared to mount a defense. However, Brown does not establish *how* these "failures" represented an error by counsel, nor how they negatively affected his defense. It is unclear from Brown's argument how a more specific indictment and/or a bill of particulars would have been useful in this situation; nor does Brown give insight into how failing to request these documents was unreasonable or an error. Additionally, Brown made the threat *himself* in open court, and he was indicted for making the threat. Even if his memory failed him and he forgot what he said specifically, the statements were made in open court and a copy of the court proceeding was readily available. In fact, throughout the trial, Brown's counsel expressed an understanding and knowledge of the threatening words. There is nothing in the record to suggest counsel was uninformed as to the threat or unprepared as a result of the indictment.

Brown did not establish any deficiency by counsel on this point, nor how such "failures" fell below an objective standard of reasonableness.

Next, Brown alleges his counsel was ineffective for (3) failing to raise a *Batson* challenge when the Commonwealth excused an African American woman from the jury panel. Again, Brown does not show how his attorney's failure to make a *Batson* challenge was unreasonable or affected his defense. "Conclusory allegations that counsel was ineffective [–] without a statement of the facts upon which those allegations are based [–] do not meet the rule's specificity standard and so warrant a summary dismissal of the motion." *Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012) (internal quotation marks and citations omitted). Brown offered nothing to support his assertion that counsel's performance fell below the objective standard of reasonableness, nor that the outcome of the trial would have been different but for the absent *Batson* challenge.

Next, Brown argues counsel was (4) "ineffective in the way he handled the court's refusal to recuse itself" because "the court's refusal robbed [Brown] of the opportunity to present another witness in his defense." However, as discussed above, Brown does not explain why or how the judge would be helpful to his defense; Brown does not argue that the judge had any special knowledge beyond witnessing the threat. Also, Brown seems to argue that the judge could not be impartial because she witnessed the threat. However, he

-10-

presents no evidence to support that contention. As the trial court stated, other than his conclusory argument, Brown "failed to demonstrate what possible testimony the [j]udge may have offered that would have changed the outcome of his trial." Again, "[c]onclusory allegations do not suffice to prove a claim of ineffective assistance of counsel." *Commonwealth v. Crumes*, 630 S.W.3d 630, 639 (Ky. 2021) (citation omitted).

Next, Brown argues his counsel erred by (5) not informing the jury "of the long courtroom history" between himself and Prosecutor Gray. On this claim, we refer to and adopt the Commonwealth's argument:

> This claim is absurd. [Prosecutor Gray] had successfully prosecuted Brown for murder and he had been indicted on three charges of solicitation of murder. *Brown v. Commonwealth*, No. 2018-CA-01180-MR, 2019 WL 3367195, at *1 (Ky. App. July 26, 2019). It would have been highly detrimental to Brown's case had the jury heard about his prior courtroom experience with [Prosecutor Gray], so trial counsel was not deficient in failing to introduce such evidence.

Next, Brown argues his trial counsel was ineffective (6) in advising him to enter a guilty plea in which he waived his right to appeal. Brown appears to argue that he had appealable issues that he was prevented from pursuing, but he does not state what those may have been. Again, without any argument to support his contention, there is no tangible ineffectiveness by counsel. Brown does not

state how his counsel's effectiveness was inadequate by advising him to enter into a valid[5] guilty plea.

Finally, Brown argues that (7) the cumulative effect of his counsel's "errors" warrant extraordinary relief and that his counsel's performance fell below a reasonableness standard. For the reasons stated herein, we disagree. Brown failed to demonstrate, under *Strickland*, how counsel's "failures" were deficient, or how they deprived him of a fair trial. As such, the trial court did not abuse its discretion in denying Brown's motion pursuant to RCr 11.42.

## III. CONCLUSION

Therefore, we AFFIRM the order of the Oldham Circuit Court denying Brown's RCr 11.42 motion without an evidentiary hearing.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Kenneth Brown, *pro se* | Daniel Cameron |
| Burgin, Kentucky | Attorney General of Kentucky |
| | |
| | Courtney J. Hightower |
| | Assistant Attorney General |
| | Frankfort, Kentucky |

---

[5] In Kentucky, the state Constitution guarantees the right to appeal. Ky. Const. Sec. 115. However, that right may be waived. *Simms v. Commonwealth*, 354 S.W.3d 141, 143 (Ky. App. 2011) (citing *Johnson v. Commonwealth*, 120 S.W.3d 704, 706 (Ky. 2003)).