RENDERED:  APRIL 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0739-MR

SHEILA LACEFIELD                                                    APPELLANT

v.
APPEAL FROM BUTLER CIRCUIT COURT
HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 22-CR-00108

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

\*\* \*\* \*\* \*\* \*\*

BEFORE:  COMBS, LAMBERT, AND MᶜNEILL, JUDGES.

COMBS, JUDGE:  Appellant, Sheila Lacefield (Lacefield), appeals from an Order of the Butler Circuit Court denying her motion to withdraw her guilty plea. Lacefield also contends that the trial court erred in imposing costs against her. After our review, we affirm.

On July 28, 2022, Lacefield was indicted for tampering with physical evidence, first-degree promoting contraband, possession of synthetic drugs (second

offense), possession of marijuana, and possession of a controlled substance prescription not in the original container.

On February 23, 2023, in exchange for her plea of guilty, Lacefield received an offer from the Commonwealth of five years on the charge of first-degree promoting contraband and three years on possession of synthetic drugs (second offense) -- to run concurrently for a total of five years -- with dismissal of the remaining charges and recommended probation. Lacefield filed a motion to enter a guilty plea and to accept the offer.

The plea colloquy of February 23, 2022, is accurately recounted at pages 1-2 of the Commonwealth's Appellee's brief, and we need not repeat it here. In summary, Lacefield affirmed that she understood that she was pleading guilty to a felony offense, and she was also warned that if she were subsequently convicted of another offense, her plea of guilty in this case could be used to enhance the penalty in such a subsequent case.

On March 1, 2023, the trial court entered Judgment as follows:

> This Honorable Court finds the defendant understands the possible penalties and that the defendant knowingly and voluntarily waives the following rights: the right to plead not guilty, the right to be tried by a jury, the right to compel the attendance of witnesses, the right to be represented by an attorney at each stage of the proceedings, the right to appeal his/her case to a higher court, to have an attorney appointed to represent the defendant at each stage of the proceedings, that the defendant understands and voluntarily waives his/her

right not to incriminate himself/herself, and finding that the plea is voluntary and the Defendant is mentally competent, the Court accepts the plea.

On April 10, 2023, before final sentencing, Lacefield filed a motion to withdraw her guilty plea, asserting "that she did not understand that she was pleading to a felony offense. Had she recognized this fact she would not have entered into that plea agreement."

On April 20, 2023, trial court conducted an evidentiary hearing on Lacefield's motion. On direct examination, Lacefield testified that she recalled entering a guilty plea -- but that she did not understand what a felony was. She stated that she does not understand a lot of things and that she has cerebral palsy. When asked whether that condition affects her cognitive abilities, Lacefield responded that "it affects a lot of abilities." Lacefield repeatedly testified that she did not feel that she had done anything wrong. Asked if she recalled the judge's inquiring if she had anything that would keep her from understanding what was going on that day, Lacefield responded that she did not mention her cerebral palsy because it was embarrassing to tell about her health problems.

On cross-examination, Lacefield was asked about her recollection of the plea colloquy. Lacefield remembered that the judge asked if she understood what was going on and if she was satisfied with the advice of her attorney. She remembered that the judge said she was pleading to a felony offense which could

be enhanceable in the future and that he asked her a series of questions. However, Lacefield testified that she "did not understand it all" until she talked to the probation officer, who explained the ramifications of the plea to her. Lacefield also remembered that the judge asked if she was pleading guilty because she was in fact guilty and for no other reason. Lacefield testified that she had not understood.

At the close of the hearing, the court explained that it had taken great care to assure that Lacefield's guilty plea was voluntary and that she knew what she was doing. Consequently, on April 24, 2023, the trial court entered a written Order denying Lacefield's motion to withdraw her guilty plea.

On May 9, 2023, the trial court conducted the sentencing hearing. The court sentenced Lacefield to a total of five (5) years, probated for five (5) years, and ordered that she pay all court costs and fees in the total amount of $170.00 as reflected in the Formal Sentencing Order and accompanying Order of Probation entered on May 12, 2023.

Lacefield appeals. She first argues that the trial court erred in denying her motion to withdraw her guilty plea. In essence, Lacefield reargues her case.

> When a criminal defendant pleads guilty, Rule 8.10 of the Kentucky Rules of Criminal Procedure (RCr) requires the trial court receiving the guilty plea to determine on the record whether the defendant is voluntarily pleading guilty. Whether a guilty plea is voluntarily given is to be determined from the totality of

the circumstances surrounding it. The trial court is in the best position to determine the totality of the circumstances surrounding a guilty plea. Once a criminal defendant has pleaded guilty, he may move the trial court to withdraw the guilty plea, pursuant to RCr 8.10. If the plea was involuntary, the motion to withdraw it must be granted. However, if it was voluntary, the trial court may, within its discretion, either grant or deny the motion. . . . [W]hether the plea was voluntarily entered is reviewed under the clearly erroneous standard. A decision which is supported by substantial evidence is not clearly erroneous. If, however, the trial court determines that the guilty plea was entered voluntarily, then it may grant or deny the motion to withdraw the plea at its discretion. This decision is reviewed under the abuse of discretion standard.

*Rigdon v. Commonwealth*, 144 S.W.3d 283, 287-88 (Ky. App. 2004) (cleaned up).

We agree with the Commonwealth that Lacefield's affirmation in open court under oath refutes her claim that she did not fully understand the charges to which she was pleading. "Solemn declarations in open court carry a strong presumption of verity." *Simms v. Commonwealth,* 354 S.W.3d 141, 144 (Ky. App. 2011) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977)). Our review of the record persuades us that the trial court's determination that Lacefield's guilty plea was voluntary is amply supported by substantial evidence; accordingly, it is not clearly erroneous. The trial court did not abuse its discretion in denying Lacefield's motion to withdraw guilty plea.

Next, Lacefield argues that the trial court erred in ordering her to pay court costs. She acknowledges that the issue is unpreserved and requests palpable error review pursuant to RCr 10.26.

KRS[1] 23A.205(2) provides in relevant part that:

> The taxation of court costs against a defendant, upon conviction in a case, shall be mandatory and shall not be subject to probation, suspension, proration, deduction, or other form of nonimposition in the terms of a plea bargain or otherwise, unless the court finds that the defendant is a poor person as defined by KRS 453.190(2)[.]

KRS 453.190(2) defines a "poor person" as:

> a person who has an income at or below one hundred percent (100%) on the sliding scale of indigency established by the Supreme Court of Kentucky by rule or is unable to pay the costs and fees of the proceeding in which he is involved without depriving himself or his dependents of the necessities of life, including food, shelter, or clothing.

Lacefield contends at page 15 of her Appellant's brief that "[i]n this case, the trial court found [her] to be a poor person, then levied costs against her at sentencing." We cannot agree with Lacefield's characterization of events. The trial court did not make a determination of Lacefield's status as a poor person under KRS 23A.205(2) prior to sentencing.

---

[1] Kentucky Revised Statutes.

The record reflects that the trial court ordered Lacefield to pay costs at the May 9, 2023, sentencing hearing. As the Commonwealth explains, at her sentencing hearing, Lacefield did not ask for costs to be waived, nor did she ask that the trial judge make a finding that she was a "poor person." She **never raised the issue** before the trial court.

On May 12, 2023, the trial court entered its Formal Sentencing Order which ordered Lacefield to pay "all court costs and fees in the amount of $170.00."

On May 30, 2023, Lacefield filed a motion to proceed *in forma pauperis*. In that motion, Lacefield requested that the trial court "permit her to proceed in forma pauperis on appeal." Lacefield stated that "she was previously determined to be indigent by this Court and her financial means have not improved since that time. She is a poor person who is unable to pay costs and fees **associated with an appeal**." (Emphasis added.) On June 19, 2023, the trial court entered an Order which reflects that it was "prepared by" Lacefield's counsel and was tendered with the motion to proceed *in forma pauperis* as follows in relevant part:

> This Court having determined that Sheila Lacefield is a poor person unable to pay the costs associated with the instant appeal, she shall be permitted to proceed in Forma Pauperis for all matters associated with prosecuting this appeal. The Department of Public Advocacy is reappointed for purposes of this appeal.

In *Spicer v. Commonwealth*, 442 S.W.3d 26 (Ky. 2014), our Supreme Court explained as follows:

The assessment of court costs in a judgment fixing sentencing is illegal *only* if it orders a person adjudged to be "poor" to pay costs. Thus, while an appellate court may reverse court costs on appeal to rectify an illegal sentence, we will not go so far as to remand a facially-valid sentence to determine if there was in fact error. If a trial judge was not asked at sentencing to determine the defendant's poverty status and did not otherwise presume the defendant to be an indigent or poor person before imposing court costs, then there is no error to correct on appeal. This is because there is no affront to justice when we affirm the assessment of court costs upon a defendant whose status was not determined. It is only when the defendant's poverty status has been established, and court costs assessed contrary to that status, that we have a genuine "sentencing error" to correct on appeal.

In this case, the record does not reflect an assessment of Appellant's financial status, other than that he was appointed a public defender and permitted to proceed on appeal *in forma pauperis.* A defendant who qualifies as "needy" under KRS 31.110 because he cannot afford the services of an attorney is not necessarily "poor" under KRS 23A.205. *Maynes v. Commonwealth*, 361 S.W.3d 922, 929 (Ky. 2012). Thus, simply because Appellant was represented by a public defender does not mean he is necessarily exempt from court costs. Because the trial judge's decision regarding court costs was not inconsistent with any facts in the record, the decision does not constitute error, "sentencing" or otherwise . . . .

*Id.* at 35 (emphasis original).

As the Commonwealth observes, the record in the case before us does not reflect an assessment of Lacefield's financial status other than that she received the appointment of a public defender and that she was permitted to proceed *in*

-8-

*forma pauperis* on appeal. The trial court was not asked whether Lacefield is a poor person under KRS 23A.205(2), nor did it make such a determination prior to sentencing. Accordingly, pursuant to *Spicer*, *supra*, we cannot conclude that the trial court erred in imposing court costs.

We affirm the judgment of the Butler Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Roy Alyette Durham, II
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky